IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01991-LTB-MEH

BETTY Y. FORTT,

     Plaintiff,

v.

ARTISTIC BEAUTY COLLEGE,

     Defendant.

---

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

     Defendant has filed a "Motion to Dismiss Pursuant to F.R.C. R. 12(B)(6)" [Docket #17]. The motion has been referred to this Court. The motion is based solely on the Complaint failing to state a claim of race discrimination. Construing this *pro se* Plaintiff's pleadings liberally, the Court recommends that the Motion to Dismiss be **denied** insofar as the Plaintiff makes one claim of racial discrimination for her termination, and **granted** as to any other claim made by Plaintiff.

     A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). Accordingly, because this Plaintiff is proceeding without counsel, the Court must construe her pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

     Construed liberally, the Plaintiff alleges in the document titled "Complaint for Injunctive Relief

and Damages for Racial Discrimination, Negligent Infliction of Emotional Distress" (attached to

Plaintiff's opposition to the Motion to Dismiss) (hereinafter "Amended Complaint") the following:

1.    She is an African-American female (¶ 10);

2.    The Defendant promised her a two-year contract of employment commencing October 17, 2005 (¶ 16);

3.    The employment contract was made over the telephone, without Plaintiff and Defendant's representatives having met in person (*Id.*);

4.    Plaintiff was terminated on November 1, 2005 (less than two weeks after starting) for poor attendance and lack of progress (¶¶ 16(1) &(2);

5.    Non-Black employees had attendance issues yet were not discharged (¶ 16(3)(a)-(d));

6.    Plaintiff was treated differently because of her race (*Id. passim*).

The Court believes that these facts suffice for pleading a claim of racial discrimination based on her

termination.

In the Amended Complaint, Plaintiff includes five formal claims for relief.  The Second Claim

merely requests injunctive relief for racial discrimination and is duplicative of the First Claim.  The

Third Claim alleges violation of constitutional rights under color of state law.  This is not a viable

claim, because Plaintiff alleges that Defendant is a private entity (Amended Complaint ¶ 35).  *E.g.*,

*Acevedo v. R.J. Reynolds Tobacco Co.*, 76 Fed. Appx. 280, 280 (10th Cir. 2003).  The Fourth Claim

alleges intentional infliction of emotional distress under state law.  "Under Colorado law, liability for

intentional infliction of emotional distress 'has been found only where the conduct has been so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community.' *Coors Brewing Co.*

*v. Floyd*, 978 P.2d 663, 666 (Colo.1999)." *Turnwall v. Trust Co. of America*, 146 Fed. Appx. 983,

988 (10th Cir. 2005).  The Court does not hesitate to find that Plaintiff's Amended Complaint utterly

fails to allege facts that could support such a claim.  Finally, the Fifth Claim alleges negligent infliction of emotional distress under Colorado law.  "Under Colorado law, a negligent infliction of emotional distress claim requires proof that the plaintiff sustained physical injury or was in the 'zone of danger.'" *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1211 (10th Cir. 2001).  *See Goodson v. American Standard Ins. Co. of Wis.*, 89 P.3d 409, 418 (Colo. 2004) (noting the same).  Again, the Amended Complaint is devoid of anything resembling the facts necessary to sustain such a claim.

The Court must address one additional issue.  In its order of January 19, 2007, the Court mistakenly stated that Plaintiff must file a motion in order to file an amended complaint.  In this case, Defendant has not answered but has submitted a motion to dismiss.  A motion to dismiss is not a responsive pleading for purposes of amending the complaint once as of right.  *Jurgevich v. McGary*, 68 Fed. Appx. 448, 451-52 (10th Cir. 2003).  Therefore, it is proper for Plaintiff to submit an amended complaint once without leave of Court.  The Court would direct that the Clerk of the Court scan the document  titled Complaint for Injunctive Relief and Damages for Racial Discrimination, Negligent Infliction of Emotional Distress, which constitutes pages 2-12 of Docket #20, and enter it as an Amended Complaint on the Court's docket, however, Plaintiff did not sign the document.  Therefore, the Court directs that Plaintiff submit her signed Amended Complaint on or before January 31, 2007 for filing with the Clerk of the Court.

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss [Filed December 22, 2006; Docket #17] be **denied** as to Plaintiff's claim for racial discrimination for her termination and **granted** as to all other claims.  Plaintiff is directed to submit her signed Amended Complaint on or before **January 31, 2007**.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections

in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

  Dated at Denver, Colorado this 22nd day of January, 2007.


        BY THE COURT:


        s/ Michael E. Hegarty
        Michael E. Hegarty
        United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).