IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01991-LTB-MEH

BETTY Y. FORTT,

    Plaintiff,

v.

ARTISTIC BEAUTY COLLEGE,

    Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss [Docket #36]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion.

Defendant filed its first Motion to Dismiss in response to Plaintiff's original Complaint. In its Recommendation dated January 22, 2007, this Court concluded that Plaintiff had properly sought to file an Amended Complaint, and that she should be allowed to do so. The Court also concluded that Plaintiff's claims in her Amended Complaint of violation of constitutional rights under color of state law, intentional infliction of emotional distress, and negligent infliction of emotional distress be dismissed for failure to state a claim upon which relief can be granted. Pursuant to the Recommendation, Plaintiff filed her Amended Complaint on February 5, 2007, and Chief District Judge Babcock adopted the Recommendation on February 12, 2007.

Defendant argues in its Motion to Dismiss that Plaintiff's Amended Complaint should be limited to the claims the Court recommended, and the District Court ordered are allowed to proceed.

The Court agrees. Because Plaintiff is *pro se*, the Court did not require Plaintiff to rewrite her Amended Complaint. Even so, the Court recommends based on the Order adopting the Recommendation that Plaintiff's claims in this case be limited to the claim of wrongful discharge based on racial discrimination.

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [Filed February 8, 2007; Docket #36] be **granted**. Pursuant to Chief District Judge Babcock's Order adopting this Court's Recommendation, Plaintiff's Amended Complaint should be limited to the claim of wrongful discharge based on racial discrimination. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 12th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).