IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01991-LTB-MEH

BETTY Y. FORTT,

      Plaintiff,

v.

ARTISTIC BEAUTY COLLEGE,

      Defendant.

---

## RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

In this employment discrimination case, Defendant has moved for summary judgment on the single remaining claim in this case (Docket #54).  The matter is fully briefed and has been referred to this Court for a recommendation.  Based on the following analysis, the Court **recommends** that the motion be **granted**.

I.      **Facts**

These are the properly supported facts that are undisputed for purposes of the motion for summary judgment.  Plaintiff is an African-American female.  She was employed as an instructor trainee in Defendant's six-week cosmetology instructor training program (the "Program") for only two weeks, from October 17, 2005, until she was terminated on November 1, 2005.   In this Program, Plaintiff was required to attend a cosmetology instruction course running Monday through Friday from 8:30 a.m. until 2:30 p.m.  During the time Plaintiff was employed by Defendant, she was between 30 and 60 minutes late on five days and absent on two days.

As an instructor trainee in the Program, Plaintiff was also required to prepare lesson plans on cosmetology skills as homework each night and to present cosmetology lessons to fellow instructor trainees the following day.  Plaintiff completed only four out of 11 nightly lesson plan homework

assignments and four out of 11 cosmetology lessons. She was graded on her nightly lesson plan homework assignments and her daily presentations of cosmetology lessons. Plaintiff received a failing grade on one nightly lesson plan homework assignment and was asked to redo it.

Defendant determined that Plaintiff's tardiness, absenteeism, lack of preparation, and poor performance were unsatisfactory for an instructor trainee, resulting in her discharge. Plaintiff has admitted that at the time of her discharge she was told by her supervisor, Athea Stuntz, that the basis for her discharge was her poor attendance and lack of progress.

In response to these allegations (which have been supported by the record in this case), Plaintiff does not dispute any of the material facts. Instead, she argues that Ms. Stuntz wasted time by telling Plaintiff of Ms. Stuntz's private sex life. She also argues that she moved to from Illinois to Colorado based on a promise of a job with the Defendant, and this incident has caused her significant emotional and physical injury. She pleads with the Court to take note of the tremendous damage she has suffered.

On March 9, 2007, the district judge adopted this Court's recommendation on Defendant's Motion to Dismiss, dismissing all claims except one claim of wrongful discharge based on racial discrimination. That is the claim for which Defendant seeks summary judgment.

## II.    Discussion

### A.    Legal Standard for Summary Judgment

Defendant moves for summary judgment on the remaining claim. A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A

fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.,* the evidence must be based on personal knowledge. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

B.     **Analysis**

Defendant has accurately stated the standard this Court should apply in determining the merits of Plaintiff's claim. "To prevail on a claim alleging termination under Title VII, the plaintiff 'must

first establish a prima facie case, demonstrating that: (1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination.' *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir.2004)." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1225 n.11 (10th Cir. 2006). This Court previously found that, for purposes of a motion to dismiss, Plaintiff had established a prima facie case of race discrimination.  Now, on summary judgment, in support of which Defendant may rely on evidence outside the pleadings, Defendant contends that Plaintiff cannot establish the second and third elements of this test.  Indeed, Defendant has submitted sufficient evidence establishing that Plaintiff was not satisfactorily performing her job and, further, that the circumstances of her termination do not infer a discriminatory motive.

Plaintiff does not deny a single, properly supported material fact as alleged in the motion. Therefore, the Court will accept those facts as undisputed.  They demonstrate that in her short, two-week stint with Defendant, Plaintiff had an incredibly poor record.  Her performance provides an adequate, if not overwhelming, legitimate business reason for her termination.  Neither the properly supported factual allegations, nor anything in Plaintiff's response, support an inference of discrimination.

Even if Plaintiff had established a prima facie case of racial discrimination, the Defendant has supported its decision with legitimate, nondiscriminatory reasons for the termination.   Under the *McDonnell Douglas Corp.* analysis, if the Defendant is able to do that, the plaintiff may avoid summary judgment only by showing that the defendant's proffered reason is a pretext.  Here, the Defendant here has established a legitimate, nondiscriminatory reason for the termination, and Plaintiff does not submit evidence to support a material factual issue concerning pretext.  Therefore, summary judgment is appropriate.

Tenth Circuit precedent requires that in opposing summary judgment, a plaintiff "must come forward with sufficient evidence of race discrimination to create a triable issue of fact." *Duran v. Community First Bankshares, Inc.*, 92 Fed. Appx. 756, 760 (10th Cir. 2004). In the *Duran* case, the plaintiff alleged that he was treated differently because of his race, and he also established several ways he was treated differently, but he failed to offer any evidence linking the defendant's actions to race discrimination. *Id.* at 161. Likewise, in this case the Plaintiff has not linked any of Defendant's actions to race discrimination.

The Court does not see how it can find that a material issue of fact has been stated by Plaintiff, when Plaintiff has not provided any specific facts supporting her allegations of race discrimination. *See Fisher v. Oklahoma Dep't of Corrections*, 213 Fed. Appx. 704, 2007 WL 127661 *1 (10th Cir. Jan. 19, 2007) (avoiding summary judgment requires designation of specific facts establishing the existence of an element essential to a plaintiff's case; evidence must be based on more than speculation, conjecture or surmise; unsubstantiated allegations carry no probative weight in summary judgment proceedings) (citations omitted). *See also Rhodes v. City of Aurora*, 166 F.3d 1221 (Table), 1999 WL 43701, *2 (10th Cir. 1999) ("Although the record contains various claims that the decision not to promote plaintiff was unfair, the claims are too vague and unsubstantiated to defeat summary judgment."); *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir. 1995) (to withstand summary judgment, nonmovant must produce affidavits containing admissible facts based on personal knowledge); *Handy v. Price,* 996 F.2d 1064, 1066 (10th Cir. 1993) (nonmovant's affidavits must create genuine issue for trial; evidence must be significantly probative); *Rose-Maston v. NME Hospitals, Inc.,* 133 F.3d 1104, 1109 (8th Cir. 1998) (The court rejected "unsubstantiated and conclusory allegations" that plaintiff was subjected to an evaluation process different from that used with her fellow employees and that certain white employees received promotions for which they were

not qualified; these allegations were "insufficient to support an inference of pretext," because the plaintiff "points to no specific factual evidence supporting her claim, choosing instead to rely upon bald assertions of favoritism."). In the absence of any properly supported issues of material fact, summary judgment is required.

Finally, the Court certainly has sympathy with Plaintiff's situation. However, it is bound by the rule of law and the adversary process. In this case, those constraints mandate that summary judgment be entered for the Defendant.

## III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment [Filed June 20, 2007; Docket #54] be **granted**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 6th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).