IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01991-LTB-MEH

BETTY Y. FORTT,

    Plaintiff,

v.

ARTISTIC BEAUTY COLLEGE,

    Defendant.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION FOR JUDGMENT

---

Before the Court is Plaintiff's Motion for Judgment and Compensation from Defendant for Loss Time from Work and Relocation Moving Expenses [Docket #80]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.    Background**

Plaintiff moves for Judgment Pursuant to Fed. R. Civ. P. 56(b). Judgment was entered in favor of Defendant on September 10, 2007, and Plaintiff filed her appeal on November 20, 2007. Plaintiff asserts that failed to consider Defendant's statement to the EEOC that "she was discriminated against in any way." Dock. #80, p.1. Plaintiff asks for compensation for claims and questions the Court's entry of judgment against her and in favor of Defendant.

**II.    Discussion**

The Court liberally construes Plaintiff's Motion as a Rule 60(b) motion for relief from judgment. Plaintiff essentially argues that the Court's previous Order granting summary judgment

to Defendant was in error because it failed to consider the above statement by Defendant's representative to the EEOC. Plaintiff has previously raised this quote, including in her Response to Defendant's Motion for Summary Judgment. Dock. #61, p.1. While the Court did not specifically address this quote, the Court's analysis is unchanged by this partial quote, in which it appears Defendant intended to say that she was *not* discriminated against in any way. Because the record of Plaintiff's poor performance and Defendant's legitimate non-discriminatory business reasons for her termination remain unrebutted, the Court's entry of judgment was not due to error or mistake under Rule 60(b). Now that judgment has entered against Plaintiff's claims and in favor of Defendant, Plaintiff is not entitled to any compensation in this case.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Judgment and Compensation from Defendant for Loss Time from Work and Relocation Moving Expenses [Filed November 20, 2007; Docket #80] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 12th day of December, 2007.

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge